FITCHBURG RAILROAD COMPANY *vs.* CHARLESTOWN MUTUAL
FIRE INSURANCE COMPANY.

A policy to a railroad corporation " on their road furniture, consisting of locomotive en-
gines, cars of all descriptions, and snow ploughs, on the line of their road, and in actual
use, but not in machine or repair shops," covers cars left in the ordinary course of the
business of the corporation upon an iron track connected with the railroad, though not
owned nor controlled by the corporation.

ACTION OF CONTRACT on a policy of insurance against fire,
issued to the plaintiffs " on their road furniture, consisting of
locomotive engines, cars of all descriptions, and snow ploughs,
on the line of their road, and in actual use, but not in machine
or repair shops."

The application (which was expressly made a part of the
policy) contained a similar description of the property ; and sev-
eral questions and answers, including these : " Where is the prop-
erty situated ? " *Answer.* " Boston to Fitchburg, and branches
this side of Fitchburg." It also stipulated that its statements
were " a full, just and true exposition of all the facts and cir-
cumstances in regard to the condition, situation, value and risk
of the property to be insured, so far as material to the risk."

The case was submitted to the decision of the court upon
the following facts : The owners and occupants of a wharf in
Charlestown, situated on the line of the Charlestown Branch
Railroad, a road connecting with the Fitchburg Railroad, and
owned and run by the plaintiffs under *St.* 1846, *c.* 21, had laid
the whole length of the wharf an iron track in the manner of a
railroad, for the purpose of conveniently receiving and shipping
ice. The owners of the wharf had the exclusive control and
management thereof. It was usual to leave cars, which came
down loaded with ice, on the wharf over night, to be unloaded
by the occupants of the wharf, and be taken up again the next
day. The cars, for injury to which this action was brought,
were drawn from Fresh Pond over the Fitchburg and Charles-
town Branch Railroads, and left for one night on the track at

the extreme end of the wharf, four hundred and forty feet from the line of the Charlestown Branch Railroad, with no agent or servant of the plaintiffs in charge of them, and near a shed, used to store shavings and sawdust for packing ice by the occupants of the wharf. The next morning, the fire originated in this shed, and was thence communicated to these cars. The shed was an extrahazardous risk, which the defendants had refused to insure.

*H. C. Hutchins*, for the plaintiffs.

*J. Q. A. Griffin*, for the defendants. The representations in the policy and application, as to the situation of the property, constituted a warranty, to extend throughout the term of insurance. *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 544. *Wall* v. *East River Mutual Ins. Co.* 3 Seld. 370. *Kennedy* v. *St. Lawrence County Mutual Ins. Co.* 10 Barb. 285. *Richards* v. *Protection Ins. Co.* 30 Maine, 273. *Houghton* v. *Manufacturers' Mutual Fire Ins. Co.* 8 Met. 114. This warranty must be complied with, whether material or not. *Clark* v. *Manufacturers' Ins. Co* 2 Woodb. & M. 472. *Jennings* v. *Chenango County Mutual Ins. Co.* 2 Denio, 75. At the time of the fire, the property in question was not in actual use on the line of the plaintiffs' road. It was not even on the plaintiffs' premises, nor under the care of their servants; but was near an extrahazardous risk, which the defendants had refused to insure, and which was the cause of the fire which occasioned the loss.

DEWEY, J. The present case, though not one free from difficulty, must be decided by the view to be taken of the intent of the parties in the contract of insurance. The question is, whether the property destroyed by the fire was embraced within the terms of the policy, giving them a reasonable construction. The property insured is thus described in the policy : " Their road furniture, consisting of locomotive engines, cars of all descriptions, and snow ploughs, on the line of their road, and in actual use, but not in machine or repair shops."

It is said that the description excludes cars not at the moment of the loss on the Fitchburg Railroad or its Charlestown branch and that the words, " the line of their road," mean exclusively to

6\*

confine the policy to cars while on these particular roads, in distinction from any spurs used in connection with them. This we think is too narrow a construction, looking at the nature of the property insured and the language of the policy. It seems more consonant to the probable purpose of the parties to understand the policy as an insurance upon cars, &c. in actual use upon their road. These cars, as we understand, were in such use, daily passing over the Fitchburg Railroad or its Charlestown branch, carrying ice, and, for convenience of delivery, passing upon a railway constructed for this purpose by the proprietors of the wharf. Such spurs seem to have been authorized by *St.* 1836, *c.* 187, the act creating the Charlestown Branch Railroad, and legalized as branches that might use the Charlestown road. Still they were private property.

But it being in the usual course of business of the plaintiffs to use their cars in conveying ice over their own road, and delivering it at the wharf in the manner stated, this entire line became by adoption, to all practical purposes, their line of road, and the cars were in actual use upon the line of their road at the time of the loss by fire. We do not understand that the insurance was limited to cars in motion, but to cars in actual service, fit for use, and in daily use, doing the business of the company, those " in machine or repair shops " being only excluded. " Snow ploughs " were insured; but it is presumed that they would be only at particular seasons and for short periods in use on the railroad track.

If this view is correct, no question can arise as to any forfeiture of the policy by increase of risk; as no change of circumstances or other use than originally contemplated by the parties to the policy is shown.                *Judgment for the plaintiffs.*